# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-838V
UNPUBLISHED

| | |
|---|---|
| YVES BOYER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 5, 2025 |

*Mark T. Sadaka*, Sadaka Associates, LLC, Englewood, NJ, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 31, 2024, Yves Boyer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] ("Vaccine Act"). Petitioner alleged that she developed multifocal motor neuropathy with conduction block ("MMNCB") from a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on June 7, 2021. ECF No. 1.

On November 4, 2025, Petitioner filed a motion for a decision dismissing the petition. ECF No. 17. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

## Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. The PAR Initial Order required Petitioner to file statutorily required medical records and other supporting documentation. ECF No. 5. On July 5, 2024, Petitioner filed some medical records but since has not filed any additional supporting documentation. ECF No. 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 4, 2025, Petitioner filed a motion for a decision dismissing the petition. ECF No. 17 at 1. Petitioner understands that dismissing the petition will result in a judgment that ends all of Petitioner's rights in the Vaccine Program. *Id.*

## **Grounds for Dismissal**

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered an "on-Table" injury – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines within the applicable time frames, or 2) that the vaccinee suffered an injury not listed the Table or outside the applicable time frames, an "off-Table" injury, that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged an off-Table injury, i.e., that her MMNCB was actually caused by the Tdap vaccination.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For an off-Table injury, a petitioner must satisfy all three of the elements established by the Federal Circuit in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (2005): "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."

Petitioner has not submitted any evidence to establish the Althen prongs, such as an expert report proposing a medical theory. Moreover, Petitioner has submitted insufficient medical records to establish the basic requirements of the Vaccine Act.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."